IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
OCT 12 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-129, <br><br> Defendants. | CASE No. C-11-03681 HRL <br><br> DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA |

I am the filer of the motion to quash or modify subpoena filled on 9/23/2011. I chose not to identify myself by IP address as I worry about being singled out and harassed by plaintiff. The stress and anxiety this case has caused myself and my family is immeasurable. I liken it to the loss of a job or loved one. The events involving Movant 69.181.183.27 exemplify my concerns. Instead of addressing the Movant's concerns directly, plaintiff told of unsubstantiated and habitual wrong doing and then dismissed the Movant. This can easily be viewed as a move to avoid a discussion on the technical merits of this case and avoid more paperwork on the plaintiff's part while at the same time further sullying a defendant.

## REPLY

As stated in my motion, BitTorrent, like all other modern peer-to-peer (P2P) networks (since circa 2002[1]), is not unique in how it functions. Plaintiff, as stated in the complaint and response, would have the court believe that alleged use of BitTorrent is somehow a new and conspiratorial association for the purposes of joinder. There is ample case law against this position: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992,

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

at *2 and "[E]ven if the IP addresses at issue in this motion all came from a single swarm, there is no evidence to suggest that each of the addresses "acted in concert" with all of the others." Hard Drive Productions v. Does 1-188, case3:2011cv01566 (N.D. Cal.). Also from Hard Drive Productions v. Does 1-188, case3:2011cv01566 (N.D. Cal.) "In fact, the nearly six-week span covering the activity associated with each of the addresses calls into question whether there was ever common activity linking the addresses in this case." and "At the very least, there is no proof that bits from each of these addresses were ever assembled into a single swarm. As the court previously explained, under this court's precedent regarding other file sharing protocols, merely infringing the same copyrighted work over this period is not enough." In the case at hand, the time span is more than two months. The plaintiff did not present an explanation of civil conspiracy besides the alleged use of BitTorrent.

The plaintiff suggests that 129 IP addresses across two months and across 12 ISPs ranging from cell phone service, DSL providers, cable modem providers, and a university network are the same individual, but presents no explanation for this to be the case. Judges are severing Does from BitTorrent cases with multiple ISPs and over the course of months for exactly these weak arguments. ISP costs would be over $1,200 ($50 / month for 2+ months * 12 ISPs) for that allegedly infringing individual.

## CONCLUSION

Joinder is improper because the alleged actions occurred over the course of months without knowledge of one another. I move the court to sever Does 2 - 129 and quash the subpoenas coming from the improper joinder.


Dated: 10/11/2011                                  Respectfully submitted,

                                                   *s/John Doe*
                                                   John Doe
                                                   *Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 10/11/2011, I served a copy of the foregoing document, via US Mail, on:

>Brett L. Gibbs, Esq.
>Steele Hansmeier PLLC.
>38 Miller Avenue #263
>Mill Valley, CA 94941